Matter of Simpson (2019 NY Slip Op 08343)





Matter of Simpson


2019 NY Slip Op 08343


Decided on November 15, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.



[*1]MATTER OF NOEL PALMER SIMPSON, AN ATTORNEY, RESPONDENT.GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER. — Order of disbarment entered pursuant to 22 NYCRR 1240.13.

Per Curiam


 Opinion: Respondent was admitted to the practice of law in New York by this Court on March 22, 1993, as Noel Palmer Carpenter. Her attorney registration information on file with the Office of Court Administration indicates that her business address is located in Las Vegas. In May 2019, the Grievance Committee filed with this Court proof that, by order dated February 22, 2019, the Supreme Court of the State of Nevada disbarred respondent on consent following her conviction, upon her plea of guilty, of one count of exploitation of an older or vulnerable person in violation of sections 200.5092 and 200.5099 of the Nevada Revised Statutes, a felony. Upon receipt of the submission of the Grievance Committee, this Court, by order entered June 18, 2019, directed respondent to appear on October 22, 2019, and to show cause why reciprocal discipline should not be imposed, pursuant to 22 NYCRR 1240.13, based on the misconduct underlying her disbarment in Nevada. Respondent thereafter submitted to this Court a letter waiving the appearance and stating that she does not contest the imposition of reciprocal discipline. Pursuant to 22 NYCRR 1240.13, this Court may discipline an attorney for misconduct underlying discipline imposed in another jurisdiction, unless we find "that the procedure in the foreign jurisdiction deprived the respondent of due process of law, that there was insufficient proof that the respondent committed the misconduct, or that the imposition of discipline would be unjust" (22 NYCRR 1240.13 [c]). In this matter, respondent has failed to raise any factor that would preclude the imposition of reciprocal discipline. In determining an appropriate sanction, we have primarily considered the nature of the misconduct that gave rise to respondent's felony conviction and disbarment in Nevada. Accordingly, we conclude that respondent should be disbarred.
 (Filed Nov. 15, 2019.)